UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BANKS,<br>        Plaintiff,<br>    v.<br>LAMONT BANKS,<br>        Defendant. | Case No. 18-cv-04530-KAW<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; REPORT AND RECOMMENDATION TO GRANT MOTION TO REMAND; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Re: Dkt. Nos. 2, 7 |

On July 26, 2018, Plaintiff Teresa Banks removed the instant case from state to federal court. (Notice of Removal, Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") and a motion for permission for electronic case filing. (IFP App., Dkt. No. 2, Mot. for Electronic Case Filing, Dkt. No. 5.) On August 3, 2018, Defendant Lamont Banks filed a motion to remand. (Def.'s Mot. to Remand, Dkt. No. 7.)

The Court GRANTS Plaintiff's application to proceed in forma pauperis. Because removal was improper and because Plaintiff has declined magistrate judge jurisdiction, the Court REASSIGNS the case to a district judge with the RECOMMENDATION that the motion to remand be granted.

First, Plaintiff cannot remove the case. 28 U.S.C. § 1441(a) allows for the removal of a civil action brought in state court "by the defendant or the defendants" to a district court; it does not permit removal by the plaintiff. *Bush v. Cheaptickets, Inc.*, 452 F.3d 683, 686 (9th Cir. 2005) ("The removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to federal court").

Second, even if Plaintiff could remove the case, removal was untimely. 28 U.S.C. §

1446(b)(3) states that where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, the case was originally filed on May 1, 2012. (Notice of Removal ¶ 1.) An amended complaint was filed on December 21, 2017 and served on Defendant on December 31, 2017. (Notice of Removal ¶ 1.) Plaintiff did not, however, remove the case until July 2018, nearly seven months after Defendant was served with the amended complaint and well after the 30-day time limit.

Third, Plaintiff removed based on federal question, asserting that she brings a claim under 18 U.S.C. § 10011. (Notice of Removal ¶ 3.) No such code section exists. To the extent Plaintiff is bringing a claim under 18 U.S.C. § 1001, the claim does not appear on the face of the complaint, which is in fact a petition for dissolution of marriage. (Notice of Removal at 4.) While Plaintiff asserts in "Attachment 11c" that Defendant committed fraud, she does not bring a claim under 18 U.S.C. § 1001.[1] Plaintiff also asserts there is jurisdiction because Plaintiff has a federal Chapter 7 bankruptcy case. (Notice of Removal ¶ 11.) Plaintiff's bankruptcy case is irrelevant to whether the Court has jurisdiction over this case; in any case, the Chapter 7 bankruptcy case was closed in September 2015. (Notice of Removal at 41.)

Accordingly, the Court RECOMMENDS that the motion to remand be granted, and that the case be remanded to state court. Any party may file objections to this report and recommendation with the district judge within fourteen days of being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order. *IEW Local 595 Trust Funds*

---

[1] Nor could she; 18 U.S.C. § 1001 is a criminal statute, and courts in this district have found that "[t]he statute contains no private [right] of action." *Murphy v. Bank of N.Y. Mellon*, Case No. 14-cv-2030-JST, 2014 WL 4222188, at *5 (N.D. Cal. Aug. 25, 2014); *see also Boggs v. Wells Fargo NA*, Case No. 11-cv-2346-SBA, 2012 U.S. Dist. LEXIS 73400, at *3 (N.D. Cal. May 25, 2012) ("there is no private right of action under Title 18 to bring civil fraud claims"); *Kennedy v. World Savings Bank, FSB*, Case No. 14-cv-5516-JSC, 2015 WL 1814634, at *3 (N.D. Cal. Apr. 21, 2015) (concluding that 18 U.S.C. § 1001 claim "fails to state a claim upon which relief can be granted because Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action").

*v. ACS Controls Corp.*, No. C-10-5568-EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: August 10, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge